# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KENNETH LEONARD DUNBAR,       )
                              )
              Petitioner,     )
                              )
         v.                   )       1:16CV518
                              )
FRANK L. PERRY,               )
                              )
              Respondent.     )
```

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1 (the "Petition").)[1] Respondent has moved for summary judgment (Docket Entry 13), on the merits (see Docket Entry 14 at 3-10), as well as on grounds of untimeliness (see id. at 10-17). Petitioner, in turn, has filed a Motion for Partial Summary Judgment. (Docket Entry 32.) For the reasons that follow, the Court should deny Petitioner's instant Motion and should enter judgment for Respondent based on the applicable time-bar.

### I. Background

On March 16, 1998, Petitioner pleaded guilty in the Superior Court of Forsyth County to attempted first degree statutory rape in case number 97CRS35365. (Docket Entry 1 at 4, 6, 8; see also Docket Entry 14-2 ("Transcript of Plea"); Docket Entry 14-3

---

[1] Petitioner also made a later filing that purported to amend his Petition to demand a jury trial. (Docket Entry 43 at 2.) No such right attaches in the habeas context. Smith v. Wilson, 196 F. App'x 430 (7th Cir. 2006); see also 28 U.S.C. § 2243 (providing that, in habeas cases, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require").

("Judgment and Commitment").)[2]  That plea provided that "[a]ll other pending criminal charges shall be dismissed."  (Docket Entry 1 at 8; Docket Entry 14-2 at 3; see also Docket Entry 1 at 7 ("The instant plea agreement (contract) at issue call[ed] for the dismissal of case files 97CRS05739/05740."), 8 ("[P]etitioner entered the instant plea agreement (contract) with the reasonable understanding that unrelated case files 97CRS05739/05740 would be dismissed without any conditions and that the state would be procedurally barred from bring[ing] case files 97CRS05739/05740 before any court for any reason, civil or criminal, unless [he] breach[ed] his contractual obligation under case file 97CRS35365.").)  Although "[t]he Judgment and Commitment [as to case number 97CRS35365] does not mention anything about case files 97CRS05739/05740, . . . [t]h[o]se cases were dismissed . . . ." (Docket Entry 1 at 9; see also id. at 30 ("[C]ase files 97CRS05739/05740 w[ere] dismissed on 16 March 1998."); Docket Entry 14-6 at 47 (documenting dismissal of charge of "PWISD Cocaine" against Petitioner in case number 07CRS0540, in exchange for his guilty plea to "Attempted First Degree Statutory Rape"), 48 (documenting dismissal of charge of "Maintain Place Keep CS" against Petitioner in case number 07CRS0539, in exchange for his guilty plea to "Attempted First Degree Statutory Rape").)

According to the Petition, "[w]hile in prison some (3) three years later [in 2001] [P]etitioner learned from the Clerk of

---

[2] Pin cites refer to the page number(s) in the footer appended to the document upon docketing in the CM/ECF system.

Superior Court that on 21 March 1998 [t]he trial court entered a civil forfeiture order under case file 97CRS05739/05740/35365/ 48026." (Docket Entry 1 at 9-10.) On October 9, 2001, the Superior Court for Forsyth County docketed Petitioner's Motion for Appropriate Relief ("MAR") seeking to set aside his conviction and sentence in case number 97CRS35365, on the grounds that the entry of the civil forfeiture order breached his plea agreement and rendered his guilty plea involuntary. (See id. at 19-22, 31; Docket Entry 14-6 at 2, 25-40.) The Superior Court denied that MAR by order dated December 6, 2001. (Docket Entry 1 at 19-20; Docket Entry 14-7 at 2-3.) On February 4, 2002, the North Carolina Court of Appeals denied Petitioner's request for certiorari review. (Docket Entry 1 at 22; Docket Entry 14-8 at 2.)

More than 14 years later, Petitioner instituted this action via his Petition dated as signed on April 28, 2016. (Docket Entry 1 at 18.) Respondent sought summary judgment, including on the grounds that the Petition failed as a matter of law due to untimeliness. (See Docket Entry 14 at 10-17.) Petitioner responded in opposition (Docket Entries 38, 39, 40, 41) and moved for partial summary judgment in his favor (Docket Entries 32, 33) (which motion Respondent opposed (Docket Entry 37)).

## II. Grounds for Relief

The Petition presents these two related grounds for relief:

1) "the State knowingly breached it's [sic] contractual and continual obligation under case file 97CRS35365 that call [sic] for the unconditional dismissal of unrelated case files 97CRS05739/

-3-

97CRS05740" (Docket Entry 1 at 6 (capitalization of all letters omitted)), in that "the civil forfeiture order under case file 97CRS05739/05740/35365/48026, effectively breached and invalidated the instant plea agreement (contract) under case file 97CRS35365 [making it] no longer binding on [] [P]etitioner" (id. at 10-11; see also id. at 11 ("Because of the above facts surrounding this case and due to the breach and invalidation of the instant plea agreement [P]etitioner is being held against his will and under fales [sic] imprisonment in violation of the Laws and Treaties of the United States Constitution and Bill of Rights.")); and

2) by neglecting to warn Petitioner about the civil forfeiture order that followed his guilty plea, "the trial court failed to advise [] Petitioner of the direct consequences and ramifications of the instant plea agreement" (id. at 11 (capitalization of all letters omitted)), such that "[t]he instant plea agreement (contract) was not entered knowingly, intelligently, voluntary [sic] nor under informed choice [and] therefore [] [P]etitioner is being held against his will and under false imprisonment in violation of the laws and treaties of the United States Constitution and Bill of Rights" (id. at 17).

### III. Discussion

Respondent requests dismissal of this action because Petitioner filed the Petition outside the one-year limitation period codified at 28 U.S.C. § 2244(d)(1). (See Docket Entry 14 at 10-17.) In order to assess that argument, the Court first must determine when Petitioner's one-year period to file his Petition

-4-

commenced. In that regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008).

Because the Petition alleges that Petitioner did not learn about the civil forfeiture order until 2001 and because (as documented above and asserted by Petitioner) "[i]n October 2001 Petitioner presented his (2) two claims that are before this [C]ourt, 'to the State Court,'" (Docket Entry 38 at 2), Respondent accepted, for purposes of his instant Motion, that Subparagraph (D)'s delayed accrual provision applies and that "Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) is construed to have commenced when the [North Carolina Court of Appeals] denied certiorari on 4 February 2002 (from [the Superior Court's] 6 December 2001 MAR order denying the 9 October 2001 MAR)" (Docket

-5-

Entry 14 at 11). Even with the benefit of such delayed accrual, as Respondent observed, "Petitioner's one-year period under section 2244(d)(1) would have commenced on 4 February 2002, and fully expired 365 days later on Tuesday, 4 February 2003. Because Petitioner filed his [Petition] in this Court [no earlier than April 28, 2016], it is still over 13 years out-of-time." (Id.) Moreover, neither the portion of the Petition purportedly directed to timeliness issues (see Docket Entry 1 at 29-35), nor the portion of Petitioner's response brief opposing Respondent's limitations argument (see Docket Entry 39 at 19), provides any plausible basis (under Section 2244(d)(1)'s accrual provisions or equitable tolling principles) for the Court to deem the Petition timely filed.[3]

## IV. Conclusion

The statute of limitations bars Petitioner's habeas claims.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 13) be granted, that Petitioner's Motion for Partial Summary Judgment (Docket Entry 32) be denied, that the Petition (Docket Entry 1) be dismissed as untimely, and that Judgment be entered dismissing this action without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 27, 2017

---

[3] Additionally, none of Petitioner's other filings opposing summary judgment for Respondent (Docket Entries 38, 40, 41) or seeking partial summary judgment for Petitioner (Docket Entries 32, 33) address timeliness issues.

-6-